COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MEINEKE DISCOUNT MUFFLER & BRAKES,
  MERCHANTS OF VIRGINIA GROUP
  SELF-INSURANCE ASSOCIATION AND
  TRIGON ADMINISTRATORS
                                        MEMORANDUM OPINION[*]
v.    Record No. 2813-97-4                  PER CURIAM
                                          APRIL 21, 1998
TERRENCE EDWARD DANKEL


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (John J. Michels, Jr; McGuire, Woods,
              Battle & Boothe, on brief), for appellants.

              (Craig A. Brown; Ashcraft & Gerel, on
              brief), for appellee.


     Meineke Discount Mufflers & Brakes and its insurer

(hereinafter referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Terrence Edward

Dankel proved that the proposed surgical release of his adductor

muscles was causally related to his September 28, 1995

compensable back injury.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     "The actual determination of causation is a factual finding

that will not be disturbed on appeal if there is credible

evidence to support the finding."  Ingersoll-Rand Co. v. Musick,

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence proved that Dankel sustained a compensable lower back injury while working for employer as a store manager. On March 12, 1996, Dr. Ian D. Gordon performed spinal fusion surgery on Dankel's back. This surgery was necessitated by Dankel's work-related injury. After the surgery, Dankel experienced decreased range of motion; decreased ability to twist, bend or climb; decreased mobility in his hips; and pain in his back, legs and hips.

Dankel was born with a mild case of lower extremity cerebral palsy, which did not affect his ability to work prior to the work-related accident. However, Dr. Gordon noted that after the spinal fusion, Dankel suffered from increased spasticity in his legs and a crouched gait. Dr. Gordon referred Dankel to Dr. Wallace B. Masciuch, an orthopedist specializing in treating cerebral palsy. Dr. Masciuch concluded that the tightness in Dankel's hips was probably made more significant because of his back condition. Dr. Masciuch also reported the presence of spastic diplegia with tightness of the hip adductors and distal

2

hamstrings and recommended surgical releases of the hamstrings and adductor muscles. Dr. Masciuch opined that Dankel's problems worsened as a result of the spinal fusion.

Dr. Gordon also opined that Dankel's spinal fusion caused increased problems with mobility and aggravated Dankel's cerebral palsy. Dr. Gordon opined that because the spinal fusion was directly related to the work accident, the aggravation of the cerebral palsy was also a direct result of the work injury. Both Dr. Gordon and Dr. Masciuch opined that Dankel's industrial accident necessitated the spinal fusion, which caused a loss of lumbar motion, resulting in the need for the adductor release surgery.

At employer's request, Dr. Kevin F. Hanley, an orthopedist, examined Dankel and agreed that the surgical release of Dankel's hamstrings was related to the industrial accident. However, Dr. Hanley concluded that the surgery on Dankel's adductor muscles was not related to the accident. He opined that the adductor surgery was necessitated by degenerative changes in the hips rather than by the industrial accident.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence. The commission did so and accepted the opinions of the treating

3

physicians, Drs. Gordon and Masciuch, while rejecting the contrary opinion of Dr. Hanley. The opinions of Drs. Gordon and Masciuch constitute credible evidence supporting the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.